IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| TRENITY BAILEY, <br> Institutional ID No. 111031, <br><br> Plaintiff, <br><br> v. <br><br> KELLY S. ROWE, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | 5:24-CV-186-BR |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Proceeding pro se and *in forma pauperis*, Plaintiff Trenity Bailey ("Bailey") has filed this action under 42 U.S.C. § 1983, claiming violations of his constitutional rights arising during his July 30, 2024, arrest. (ECF 1). Bailey filed his Complaint on August 14, 2024, and the United States District Judge transferred this case to the undersigned United States Magistrate Judge for further proceedings. (ECF 1, 8). Bailey has consented to proceed before the undersigned Magistrate Judge. (ECF 10). After considering the allegations in Bailey's Complaint, his responses to the Court's questionnaire, authenticated records provided by Lubbock County, and applicable law, the Court concludes that Bailey's claims must be DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), for the reasons stated below.

**I. STANDARD OF REVIEW**

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2017); *see also* Section 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of

whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire or testimony given during an evidentiary hearing are incorporated into the plaintiff's pleadings).

In evaluating the sufficiency of a complaint, the court accepts well-pleaded factual allegations as true, but does not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). While courts hold *pro se* plaintiffs to a more lenient standard than attorneys when analyzing complaints, such plaintiffs still must plead factual allegations that raise the right to relief above a speculative level. *Id.* (*citing Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II. LEGAL ANALYSIS

### A.    Factual Background.[1]

Bailey alleges that, on July 30, 2024, he was in the bedroom of his home when Defendant Lubbock County Task Force arrived to serve a warrant for his arrest. (ECF 1, 14). The task force members neither knocked nor announced themselves. (*Id.*). They broke windows and a chain-link

---

[1]These background facts are taken from Plaintiff's Complaint (ECF 1) and questionnaire responses (ECF 14), and are assumed to be true for the purpose of evaluating the merits of Plaintiff's causes of action.

fence, and shot him with a rubber bullet when he went out to his porch. (ECF 14 at 3, 5-6). They called him derogatory names and made him fear for his life. (ECF 1 at 4). He claims that force was unnecessary because he would have answered the door if they had knocked, and he would have gone with them peacefully. (*Id.*). Bailey filed this lawsuit on August 14, 2024, alleging that the task force used excessive force, and that Lubbock County Sheriff Kelly Rowe failed to properly train the task force members. (ECF 1).

**B.      Claim Against the Lubbock County Task Force.**

Bailey sues the Lubbock County Task Force for excessive force. However, he is unable to provide the names of the individual members of the task force. (ECF 1; ECF 14 at 3). A plaintiff may not sue a governmental entity or department unless such entity enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F. 2d 311, 313-14 (5th Cir. 1991). State agencies that may sue and be sued are known as jural entities; non-jural entities are not subject to suit. *Id.* The capacity to sue or be sued is determined by the law of the state where the district court is located. Fed. R. Civ. P. 17(b)(2), (3); *Darby*, 939 F.2d at 313-14.

In Texas, county sheriff's departments and police departments are not legal entities capable of being sued in the absence of express action by the superior corporation (the county, in the case of a sheriff's department, and the city, in the case of a police department) "to grant the servient agency with jural authority." *Darby*, 930 F. 2d at 313; *see also Plemons v. Amos*, No. 2:03-CV-421-J, 2006 WL 1710415, at *7 (N.D. Tex. June 22, 2006) ("[T]he general rule [is] that law enforcement agencies are not separate governmental entities that can be sued.") (collecting cases). In *Plemons*, the court expressly considered the issue of whether a task force can be sued:

> The Court must next address whether an inter-governmental law enforcement unit such as the Task Force [identified earlier in the opinion as an intergovernmental, manpower sharing arrangement between the City of Amarillo and multiple panhandle counties, funded by federal grants and funds from the participating

3

>> counties] can be sued under [then] Rule 17(b)(1). This court concludes that it cannot. *Brown v. Fifth Judicial Dist. Drug Task Force*, 255 F.3d 475, 476-77 (8th Cir. 2001) (multi-city, multi-county, unincorporated, intergovernmental, multi-jurisdictional drug task force could not be sued because it has no separate legal existence and has not been granted statutory authority to sue or be sued; "authorities more directly on point appear to be uniform in holding that drug task forces similar to the defendant in this case are not separate legal entities subject to suit."); *Hervey v. Estes*, 65 F.3d 74, 791-92 (9th Cir. 1995) (intergovernmental drug task force was not "person" or entity subject to suit under § 1983).

*Plemons*, 2006 WL 1710415 at *7. Other courts in this district agree. *See, e.g., McGrew v. City of Wichita Falls*, No. 3:14-CV-679-B, 2015 WL 3528236, at * 7 (N.D. Tex. June 4, 2015) (a "Wichita Gang Task Force," to the extent that entity existed ... is a non-jural entity." (citing *Dillon v. Jefferson Cnty. Sheriff's Dep't*, 973 F. Supp. 626, 627 (E.D. Tex. 1997)); *Welch v. Jefferson Cnty. Court*, No. 1:12-CV-330, 2015 WL 66495, at *4 (E.D. Tex. Jan. 5, 2015) ("Federal courts have consistently dismissed § 1983 [claims] against non-legal entities.") (citations omitted). Because the Lubbock County Task Force is not a jural entity, the Court dismisses all claims against it as frivolous under 28 U.S.C. § 1915A (b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.      Claims Against Kelly Rowe.**

Bailey next sues Lubbock County Sheriff Kelly Rowe ("Rowe") for failing to properly train the members of the Lubbock County Task Force. (ECF 1). It is well established that supervisory officials are not liable for the acts of their subordinates unless they: (1) affirmatively participated in an act that caused a constitutional deprivation, or (2) implemented an unconstitutional policy or custom that resulted in injury to the plaintiff. *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992) (citing *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987)). Supervisory liability exists without overt personal participation in an offensive act only if the supervisory official implements a policy "so deficient that the policy" itself is a repudiation of constitutional rights and is "the moving force of the constitutional violation." *Thompkins*, 828 F.2d

at 304 (quotations omitted). To the extent that Bailey is attempting to hold Rowe liable for the acts of his subordinates, this is insufficient to state a claim against Rowe. In fact, Bailey admits that he has had no personal interaction with Rowe. (ECF 14 at 2).

To allege a claim against Rowe for failure to train or supervise, Bailey must allege facts showing that (1) Rowe either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of Bailey's rights; and (3) the failure to train or supervise amounts to deliberate indifference. *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008). Deliberate indifference in such a situation requires "a conscious choice to endanger constitutional rights" and the proof of deliberate indifference generally requires more than a single instance of the lack of training or supervision causing a violation of constitutional rights. *Id*. Bailey does not allege any defects in training, other than his personal belief that the task force members should have knocked on his door. (ECF 14 at 2-3). He further alleges no facts showing a causal link between Rowe's alleged failure to train and the alleged violation of his civil rights, nor does he allege facts indicating that Rowe was deliberately indifferent. Accordingly, the Court dismisses the claims against Rowe for failure to state a claim upon which relief may be granted.

**D.    Leave to Amend Would be Futile.**

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). The Court is not required to allow such an opportunity, though, if the prisoner's claims are clearly frivolous, *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), or if the prisoner has pled his best case in the current complaint. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020). Bailey has fully responded to the Court's questionnaire and set out his claims in adequate detail in his Complaint and questionnaire responses.

Allowing further opportunities to identify task force members would be futile because he cannot overcome the lack of compensable injury resulting from Lubbock County Task Force's alleged actions. He fails to allege that he suffered more than *de minimis* injuries by the use of force. Although a showing of "significant injury" is not required in the context of an excessive force claim, "we do require a plaintiff asserting an excessive force claim to have suffered at least some form of injury." *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001) (citing *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999)). The injury must be more than a *de minimis* injury and must be evaluated in the context in which the force was deployed. *Glenn*, 242 F.3d at 314.

One way to distinguish if an injury is "*de minimis*" is to consider whether medical care and treatment was needed to treat the injury. *See Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999). In *Gomez*, the court determined that the plaintiff "did not seek or receive medical treatment" for his alleged injury, and thus his injury was considered *de minimis*:

> In *Siglar*, we described the complained of conduct and injury as follows: "[the corrections officer] twisted Siglar's arm behind his back and twisted Siglar's ear. Siglar's ear was bruised and sore for three days but he did not seek or receive medical treatment for any physical injury resulting from the incident. There is no allegation that he sustained long term damage to his ear." [*Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997)]. We stated that these allegations presented the question "whether Siglar's bruised ear amounts to a 'physical injury' that can serve as the basis for his excessive force" claim, and concluded that because "Siglar's alleged injury—a sore, bruised ear lasting for three days—was *de minimis*" he had therefore "not raised a valid Eighth Amendment claim for excessive force." *Id*.

*Gomez*, 163 F.3d at 924. Bailey alleges that he was shot with a rubber bullet and, as a result, suffered torn skin on his torso just above his appendix. He further states that he "couldn't walk right for 3 days, had a big bruise for 2 weeks and now a scar." (ECF 14 at 5). Taking Bailey's allegations as true, he has alleged, at most, *de minimis* injuries that do not rise to the level of a constitutional violation. *See Westfall v. Luna*, 903 F.3d 534, 549-50 (5th Cir. 2018) (recognizing that abrasions, bruises, bloody urine, and high blood pressure and heart rate are *de minimis* injuries

6

insufficient to support an excessive force claim); *Brooks v. City of W. Point, Miss.*, 639 F. App'x 986, 990 (5th Cir. 2016) (finding that abrasions to hands and knees, some neck and back pain, and unspecified problems with asthma are *de minimis* injuries). Because Bailey alleges that he suffered only *de minimis* injuries, he cannot state a claim of excessive force regardless of whether he could identify the members of the Lubbock County Task Force.

Further, to the extent that Bailey seeks damages for his damaged property, he cannot state a constitutional violation. An official's actions—whether negligent or intentional—that result in a loss of property give rise to a state tort action rather than a federal civil rights claim. A state actor's negligence that results in an unintentional loss of property does not violate the Constitution. *See Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988) (per curiam); *see also Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995) (concluding negligence is not actionable under Section 1983); *Finley v. Garcia*, No. 5:17-CV-00198-C, 2017 WL 11519122, at *1 (N.D. Tex. Sept. 15, 2017) (citation omitted) ("Section 1983 is not a general tort statute and a claim of negligence will not support a federal civil rights action.").

Similarly, an intentional deprivation of personal property does not state a viable constitutional claim if the prisoner has access to an adequate post-deprivation state remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014) (per curiam) (citations omitted) ("An inmate's allegation that his personal property was lost, confiscated, or damaged does not state a claim under 42 U.S.C. § 1983, even when prison officials acted intentionally."). Here, the State of Texas provides an adequate post-deprivation remedy for persons asserting claims such as those raised herein by Bailey—the filing of a lawsuit for conversion in state court. *See, e.g., Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994).

Assuming the truth of Bailey's allegations that members of the Lubbock Task Force wrongfully destroyed his property as alleged, he may have a cause of action in state court; however, he cannot pursue a federal constitutional claim. *See, e.g., Perez v. Tanner*, No. 3:17-cv-2846-N-BN, 2017 WL 7000283, at *4 (N.D. Tex. Dec. 22, 2017) (dismissing due process claim alleging the destruction of inmate's property because he had a state remedy), *R. & R. adopted by* 2018 WL 501601 (N.D. Tex. Jan. 19, 2018); *Parker v. Carter*, No. H–13–0365, 2013 WL 3157913, at *2 (S.D. Tex. June 20, 2013) ("There is no legal basis to a prison inmate's claim that his due process rights were violated when [defendants] lost or destroyed his photographs."); *Hall v. St. Tammany Par.*, No. 10–1872, 2010 WL 5558910, at *6-8 (E.D. La. Dec. 21, 2010) (finding that detainee could not state a constitutional claim based on the deprivation of personal property because the state provided an adequate remedy), *R. & R. adopted by* 2011 WL 63662 (E.D. La. Jan. 6, 2011). Bailey has pleaded his best case; therefore, leave to amend is unwarranted.

### III. CONCLUSION

For the foregoing reasons it is, therefore, ORDERED that Bailey's Complaint and all claims therein are DISMISSED with prejudice as frivolous and for failure to state a claim in accordance with 28 U.S.C. §§ 1915 and 1915A.

This is a consent case assigned to the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c) with authority to enter judgment. This dismissal shall count as a qualifying dismissal or "strike" under 28 U.S.C. § 1915 and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020). Any appeal shall be to the Court of Appeals for the Fifth Circuit under 28 U.S.C. § 636(c)(3).

Judgment shall be entered accordingly.

IT IS SO ORDERED.

ENTERED on April 25, 2025.

                                                                                     _____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE